# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARK A. FREEMAN, as Personal
Representative of the estate of Charles
F. Freeman, Jr., and MARK A. FREEMAN,

    Plaintiffs,

v.                                                                    CASE NO: 8:13-cv-338-T-26MAP

U.S. BANK, N.A., as Trustee of the Margaret
Freeman Trust f/b/o Charles F. Freeman, Jr.,
LANCE BROWN, AUSTIN BARNEY, III, and
AMANDA BARNEY,

    Defendants.
_____/

## O R D E R

Before the Court is Defendants Austin Barney, III and Amanda Barney's Motion to Dismiss (Dkt. 7) and Plaintiffs' Memorandum of Law in Opposition. (Dkt. 11). After careful consideration of the motion, the applicable law, and the file, the Court concludes that the motion should be denied.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff Mark A. Freeman is the adopted adult son of Charles F. Freeman, Jr., and his only child. Plaintiff was adopted on December 5, 1995, and is the personal representative of Charles F. Freeman, Jr. Charles F. Freeman, Jr., died October 18, 2012,

and his will is being probated in Sarasota County, Florida.[1] Margaret B. Freeman, Charles's mother, died April 2, 1971. She had two children, Charles and Elizabeth Freeman Barney. Elizabeth Freeman Barney had two sons, Austin D. Barney II and Lance Brown. Pursuant to Margaret Freeman's will, a testamentary trust made Charles F. Freeman, Jr., the income beneficiary and provided that upon his death, the trust would terminate and the trust property would be distributed to Charles' descendants. In the event Charles had no descendants or spouse, the trust property would be distributed to his heirs at law. Defendants are U.S. Bank, N.A., (U.S. Bank) the trustee of Margaret Freeman's trust; Lance Brown, the son of Margaret Freeman's deceased daughter; and Austin Barney, III, and Amanda Barney, the children of Austin D. Barney II, the deceased son of Elizabeth Freeman Barney.

## THE TWO ACTIONS

Mark Freeman, both individually and as personal representative of the estate of Charles F. Freeman, Jr., filed this action on February 5, 2013, based on diversity of citizenship. The complaint seeks a declaratory judgment and an accounting. Mark Freeman seeks a declaration that he is the sole beneficiary of the trust property as Charles F. Freeman, Jr.'s only child, in addition to a determination of the right and obligations of the parties under the trust and an order directing U.S. Bank to distribute the trust property

---

[1] See Case No. 2012 CP 004772NC. The probate judge issued the letters of administration on December 28, 2012.

to him. He seeks a final accounting of the trust including the accrued and undistributed income of the trust as of the date of Charles' death. After this action was filed, the three individual Defendants filed an action in the probate division of the Missouri state court on March 26, 2013. That action seeks a declaration of the rights under the trust with respect to distribution and seeks damages for tortious interference with an inheritance expectancy.

## MOTION TO DISMISS

Defendants Austin Barney, III, and Amanda Barney, great-grandchildren of Margaret Freeman, move to dismiss the complaint on four grounds: lack of subject matter jurisdiction under the "probate exception" or abstention; lack of personal jurisdiction, insufficient service of process, and improper venue. This Court finds the motion is without merit.

Not only does this case not fall within the probate exception to a federal court's subject matter jurisdiction, but abstention is not warranted under Colorado River.[2] The probate exception to federal court jurisdiction prohibits federal courts from interfering with the orderly administration of a decedent's estate in the state probate court but it does not bar the federal courts' ability to adjudicate rights in the property of the probate estate. See Markham v. Allen, 326 U.S. 490, 494-95, 66 S. Ct. 296, 298, 90 L. Ed. 256 (1946)

---

[2] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

(holding that federal court "may exercise its jurisdiction to adjudicate rights in [property in the custody of a state court] where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."); Harder v. Rafferty, 709 F. Supp. 1111, 1114 (M.D. Fla. 1989). In Rudman v. Rudman, 2009 WL 857541 (N.D. Tex. 2009), the federal district court retained jurisdiction of a state court action removed from a probate court. There, the action, much like the action here, sought a declaratory judgment regarding whether an individual was a beneficiary of a trust and an accounting of the trust. The Rudman court relied on Marshall v. Marshall, 547 U.S. 293, 126 S.Ct. 1735, 164 L. Ed. 2d 480 (2006), and held that the action did not fall within the probate exception. Consequently, as long as the action does not challenge the validity of the will or trust, or the validity of the probate proceeding, then the probate exception does not apply to curtail the federal court's jurisdiction to adjudicate a claim between parties. Nothing in the case at bar precludes this Court's jurisdiction in the nature of the probate exception to federal jurisdiction.

Neither is this Court compelled to abstain from exercising its jurisdiction under Colorado River. The circumstances of this case fail to satisfy even the first factor of Colorado River, because this Court obtained jurisdiction of the declaratory judgment action first. See Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F. 3d 1320, 1331 (11th Cir. 2004) (cataloguing six factors to determine Colorado River abstention).

Moreover, as discussed above, this action does not impede the administration of the probate case pending in Sarasota County, Florida.  The balancing of the other Colorado River factors in this case "heavily weigh[] in favor of the exercise of jurisdiction."  Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (1983).  The Middle District is more convenient for the Plaintiff, who has resided the last thirteen or so years here with his now deceased father, and evidence establishing "familial ties" is likely to be found in Florida.  Piecemeal litigation is avoided by following the first-filed rule, and this action was filed first.  See, e.g., National Union Fire Ins. Co. of Pittsburgh, Pa. v. Beta Constr., LLC, 2010 WL 3789042 (M.D. Fla. 2010).

That Missouri law will be applied does not necessarily favor abstention where there are no complex questions of state law.  See Noonan South, Inc. v. County of Volusia, 841 F. 2d 380 (11th Cir. 1988).   Finally, both forums are adequate to protect the parties' rights and therefore does not tip the balance in favor of abstention.

With respect to these two Defendants' claim that the complaint alleges no constitutional minimum contacts to support personal jurisdiction, the Court finds the argument unpersuasive.  In the pending probate proceeding in Sarasota County, Florida, Plaintiff asserts that these two Defendants received formal notice pursuant to section 731.301(2), Florida Statutes.  Such notice would bestow personal jurisdiction over them

to the extent of their interest in the estate. See Kountze v. Kountze, 20 So. 3d 428, 432 (Fla.Dist.Ct.App. 2009).

Venue appears to be proper under 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Florida. To the extent this action for declaratory relief will require the determination of whether a "familial tie"[3] exists between Charles and Mark Freeman, venue is proper in this District.

Finally, Plaintiff does concede that he is attempting service of process on Amanda Barney again. Plaintiff has not shown that service on Austin Barney, III, is sufficient under New York or Florida law. Hence, service is quashed as to Austin Barney, III, and Plaintiff shall have 60 days to attempt service of process. See Smith v. Conner, 2013 WL 268685, at *2 (M.D. Fla. 2013) (holding that district court has discretion to dismiss complaint without prejudice or quash service and allow plaintiff to re-attempt service).

It is therefore **ORDERED AND ADJUDGED** that Defendants Austin Barney, III and Amanda Barney's Motion to Dismiss (Dkt. 7) is **DENIED** with respect to all issues except service of process, for which service of process on these two Defendant is hereby

---

[3] See Davis v. Neilson, 871 S.W.2d 35 (Mo.Ct.App. 1993) (noting that under Missouri law, determining an intended beneficiary requires consideration of the circumstances of the relationship of the testator to the beneficiary and the existence of a familial tie).

quashed. Plaintiff shall have 60 days to attempt service of process on Amanda Barney and Austin Barney, III.

**DONE AND ORDERED** at Tampa, Florida, on May 16, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record